*The Chief Justice delivered the opinion of the [*294 court.
This action was brought by the vendee against the vendor, to recover damages for the non-performance of a contract for the sale of lands. The plaintiff, in his state of demand, sets forth the contract to be for the sale of a lot of salt meadow in the township of North Brunswick in the county of Middlesex. Upon the trial, it appeared by the evidence that the contract respected a lot situated in the township of South Amboy.
The variance between the contract alleged and the contract proved, is fatal to the recovery of the plaintiff in this action. CJvitty says, “ If the consideration or the contract proved in evidence vary from that stated in the pleadings, the plaintiff will be non-suited.” 1 Chit. pl. 303. Starkie gives the following rule : “ Wherever the allegation of place is descriptive of the terms of a contract, the proof must correspond with the averment.” 3 Starkle Evid. 1473. In Drewry v. Turks, 4 D. & E. 560, Justice Buller said, “ A trifling variation in setting out a contract, a record or any written instrument is fatal, because it does not appear that the contract given in evidence is that on which the plaintiff declares; it is matter of description.” The cases cited by the counsel of the defendant in certiorari do not neutralize the variance. Givinnet v. Phillips, 3 D. & E. 643, was not upon a contract; and the erroneous averment was of a matter deemed perfectly immaterial. In Frith v. Gray, 4 D. § E. 561, n, Lord Mansfield said, the averment was in substance correct. In Peppin v. Solomons, 5 D. & E. 497, *350 the variance was not deemed fatal, because the erroneous averment did not arise out of the contract, nor was the contract as stated in the declaration made to depend upon it; and if the averment had been omitted, the declaration would have been perfect without it.
The return to the certiorari in this case does not very distinctly shew that an objection was raised on account of the variance in the Court of Common Pleas; and without it, we might, as the parties were represented there by counsel, hesitate to allow the variance to be assigned as the ground of reversal. All difficulty on this point is, however, removed by the agreement of the parties subjoined to the state of the case, and filed; that if this court are “ of opinion from the *295] evidence and proceedings in the cause that *the plaintiff is not entitled to recover in this suit, the judgment of the Common Pleas is to be reversed.”
Let the judgment be reversed.